IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   4:99cr37/RH/CAS
                   4:16cv458/RH/CAS

BARRY L. COOPER,
    Defendant.

---

## ORDER and REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 90). The Government has responded in opposition and filed supplemental responses (ECF Nos. 96, 102, 113, 116), and Defendant replied. (ECF Nos. 98, 118). Defendant has also filed multiple motions for judgment on the pleadings, two of which remain pending. (ECF Nos. 117, 119). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, the undersigned recommends that Defendant's motion be

denied without a hearing.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## BACKGROUND

Defendant Barry L. Cooper was charged in a three-count indictment with attempted bank robbery "by force and intimidation" in violation of 18 U.S.C. § 2113(a) ("Count One"), possession of a firearm in furtherance of, and during and in relation to, a "crime of violence" (the attempted bank robbery) in violation of 18 U.S.C. § 924(c) ("Count Two"), and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 ("Count Three"). (*See* ECF No. 96-1).[1]   With respect to Count Two, a "crime of violence" is an offense that is a felony and—

- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or
- (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).   Section 924(c)(3)(A) is sometimes referred to as the "use-of-force clause" or the "elements clause" while § 924(c)(3)(B) is the "risk-of-force clause" or the "residual clause."

---

[1] The Government attached a copy of the indictment to its response as the indictment is otherwise not available electronically due to the age of this case.

Case Nos.: 4:99cr37/RH/CAS; 4:16cv458/RH/CAS

Page **3** of **11**

At trial the court instructed the jury that it could convicted Cooper of Count Two only if the Government proved (1) that Defendant committed the offense of attempted bank robbery; (2) that Defendant possessed a firearm in furtherance of the commission of that offense; (3) that Defendant knowingly possessed the firearm. (ECF No. 96-2 at 13).[2] The record does not indicate the basis for this instruction, i.e. whether the attempted bank robbery was a "crime of violence" pursuant to § 924(c)(3)(A), (B) or both. There was no objection to the instructions. (ECF No. 96-3).[3]

The jury found Cooper guilty on all counts. (ECF No. 96-4).[4]

The court sentenced Cooper to a term of 168 months' imprisonment on Count One, a concurrent term of 120 months on Count Three and a term of 120 months on Count Two, which was to run consecutive to the other two terms. (ECF No. 43 at 2).

Cooper appealed, arguing that the court erred in denying his pretrial motion to suppress and that there was insufficient evidence to convict him

---

[2] The Government attached a copy of the jury instructions to its response as they are otherwise not available electronically due to the age of this case.
[3] The Government attached a copy of the relevant portion of the trial transcript to its response as it is otherwise not available electronically due to the age of this case.
[4] The Government attached a copy of the verdict form to its response as it is otherwise not available electronically due to the age of this case.

Case Nos.: 4:99cr37/RH/CAS; 4:16cv458/RH/CAS

of attempted bank robbery.   The Eleventh Circuit rejected both arguments and affirmed.   (ECF No. 59).

Cooper filed a § 2255 motion alleging errors in the jury instructions, sentencing procedure, and indictment procedure as well as a claim of ineffective assistance of counsel.   (ECF No. 62).   The court denied his motion without a hearing in October of 2002.   (ECF Nos. 69, 74, 75).

In July of 2016, Cooper received authorization from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2255(h) and § 2244(b)(3)(A), to file a second or successive § 2255 motion.   (ECF No. 89).   In his application to the Eleventh Circuit he indicated his intent to argue that the 18 U.S.C. § 924(c) charge against him did not involve a crime of violence based on the facts that actually took place.   He asserted that § 924(c) contained a residual clause similar to the one in the Armed Career Criminal Act, § 924(e)(1), which the Supreme Court invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015).   Cooper contended that his § 924(c) conviction was supported by convictions that were "crimes of violence" under the residual clause of § 924(c)(3)(B), and therefore the conviction presented the same due process concerns that the Supreme Court had examined in *Johnson.*   (ECF No. 89 at 3).   The Eleventh Circuit

stated that "[a]ssuming, without holding, that *Johnson* impacts the validity of the definition of 'crime of violence' in § 924(c)(3)(B), Cooper has made a *prima facie* showing that he has raised a claim that meets the statutory criteria" in light of the fact that his companion conviction was not for armed robbery but merely for attempt.   (ECF No. 89 at 5-6).   The court noted that it was unclear whether the attempted bank robbery, as it occurred in this case, qualified as a crime of violence under § 924(c)(3)(A)'s use-of-force clause without regard to § 924(c)(3)(B)'s residual clause.   It further stated that it could not say if Cooper's sentence would be valid even if *Johnson* rendered the § 924(c)(3)(B) residual clause unconstitutional.   (ECF No. 89 at 6).

The Eleventh Circuit concluded by noting that its threshold determination that an applicant had made a *prima facie* showing that he had met the statutory criteria of § 2255(h) did not conclusively resolve the issue, and that the once a § 2255 motion is filed, the district court must determine for itself whether the requirements are met.   (ECF No. 89 at 6-7).   The district court is first required to determine that the criteria of § 2255(h) have been met before it can proceed to considering the merits of the motion.

ANALYSIS

In order to show that he is entitled to proceed on a second or successive § 2255 motion, a defendant must show that the motion contains either (1) newly discovered evidence, or relevant to this case, "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Defendant's lone claim for relief is that his conviction on Count Two, possession of a firearm in furtherance of, and during and in relation to, a "crime of violence, is no longer valid because the conviction upon which it rests, attempted bank robbery, is not a "crime of violence" under *Johnson*. *Johnson* has spawned significant litigation from inmates hoping for sentencing relief, as the Supreme Court held that *Johnson* is retroactively applicable on collateral review. See *Welch v. United States*, 136 S. Ct. 1257 (2016). In support of his claim Defendant asserts:

> Petitioner's actions on April 1, 1999, taken as a whole, does (sic) not fall under the definition in 924(c)(3)(A). Therefore it must fall under 924(c)(3)(B) which is identical to the "residual clause" that was struck down by *Johnson.*

(ECF No. 90 at 4.)

First, the court notes that the Eleventh Circuit has upheld the constitutionality of § 924(c)(3)(B).  The court held that § 924(c)(3)(B) requires a conduct-based approach rather than a categorical approach to determining whether an offense is a crime of violence, and as such it is not unconstitutionally vague.  *Ovalles v. United States*, 905 F.3d 1231, 1253-53 (11th Cir. 2018) (en banc).  Otherwise stated, in order to determine whether an offense qualifies as a crime of violence within the meaning of § 924(c)(3)(B), courts must examine the conduct as it actually occurred in the case and determine whether a defendant's conduct "involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  *Ovalles*, 905 F. 3d at 1252.  Because the constitutionality of § 924(c) was not affected by *Johnson,* that case does not open the door to Defendant's successive claim. *See In re Garrett*, 908 F. 3d 686 (11th Cir. 2018) (denying application for successive § 2255 motion based on a claim that § 924(c)(3)(B) is unconstitutionally vague).

Additionally, Defendant has not shown that the court considered the predicate offense of attempted bank robbery to be a crime of violence pursuant to the residual clause of § 924(c)(3)(B) rather than § 924(c)(3)(A).

Even in claims arising under the ACCA, to obtain relief based on *Johnson*, a defendant must show that his sentence enhancement "turn[ed] on the validity of the residual clause." *Beeman v. United States*, 871 F. 3d 1215, 1221 (11th Cir. 2017), *rehearing en banc denied*, *Beeman v. United States*, 899 F.3d 1218 (11th Cir. 2018). If he does not, he cannot obtain relief. As noted above, whether the court considered Defendant's attempted bank robbery to be a "crime of violence" pursuant to § 924(c)(3)(A) or (B) is not apparent from the record. Therefore, Defendant has not shown that the residual clause affected his conviction, and *Johnson* affords him no relief. *Johnson* would have no bearing upon a statutory claim of error regarding § 924(c)(3)(A), and such a claim would be untimely under 28 U.S.C. § 2255(f).

Finally, bank robbery and attempted bank robbery in violation of § 2113(a) are crimes of violence under § 924(c)(3)(A). *See In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (holding that bank robbery by force and violence or by intimidation qualifies as a crime of violence under § 924(c)(3)(A)); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (holding that a conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), clearly qualifies as a crime of violence under the

§ 924(c)(3)(A) use of force clause without regard to the § 924(c)(3)(B) residual clause); *see also United States v. Armour*, 840 F. 3d 904, 907 (7th Cir. 2016) (holding that attempted bank robbery is a crime of violence under the elements clause of § 924(c)).

Conclusion

For all of the foregoing reasons, the court finds that Defendant is not entitled to proceed with his successive § 2255 motion and that it should be denied and dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

Case Nos.: 4:99cr37/RH/CAS; 4:16cv458/RH/CAS

omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED:**

Defendant's Motions for Judgment on the Pleadings (ECF Nos. 117, 119) are **GRANTED** to the extent this recommendation has issued.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 90) be denied and dismissed.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 28th day of February, 2019.

                        s/ Charles A. Stampelos
                        **CHARLES A. STAMPELOS**
                        **UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:99cr37/RH/CAS; 4:16cv458/RH/CAS

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.