IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:99cr37-RH-CAS
 4:16cv458-RH-CAS

BARRY L. COOPER,

Defendant.

_____/

ORDER DENYING THE § 2255 MOTION AND
DENYING A CERTIFICATE OF APPEALABILITY

A jury convicted the defendant Barry L. Cooper of attempted bank robbery. The jury also convicted Mr. Cooper of possessing a firearm during and in relation to the attempted bank robbery in violation of 18 U.S.C. § 924(c). Mr. Cooper has moved for relief from the 924(c) conviction, correctly asserting that part of that statute—its "residual clause"—is unconstitutional. *See United States v. Davis*, 139 S. Ct. 2319 (2019).

The motion is before the court on the magistrate judge's report and recommendation, ECF No. 120, which was entered prior to *Davis*. This order accepts the report and recommendation, now on updated grounds, and denies Mr.

Cooper's motion. The basis for the ruling is that the residual clause played no role in Mr. Cooper's conviction.

The indictment charged Mr. Cooper with three counts: attempted bank robbery in violation of 18 U.S.C. § 2113(a) (count one), possessing a firearm in furtherance of a "crime of violence"—the attempted bank robbery—in violation of 18 U.S.C. § 924(c) (count two), and possessing the same firearm as a convicted felon in violation of 18 U.S.C. § 922(g) (count three). Mr. Cooper pled not guilty and went to trial. The jury instructions told the jury that to convict on count two, the jury had to find that Mr. Cooper committed the attempted bank robbery as charged in count one and, in furtherance of that offense, possessed a firearm. The jury instructions did not require the jury to find anything more about whether the attempted bank robbery was a crime of violence. In effect, the court held as a matter of law that attempted bank robbery was a crime of violence within the meaning of § 924(c).

The ruling was and still is correct. The statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is sometimes referred to as the "element" or "use of force" clause; this order uses "element clause." Subsection (B) is sometimes referred to as the "residual clause."

*Davis* settled a dispute about whether the residual clause is unconstitutional. It is. A defendant may obtain relief from a 924(c) conviction on this basis if—but only if—the residual clause was essential to the conviction. A defendant whose conviction was or, had there been no residual clause, would have been imposed based on the element clause is not entitled to relief. *See Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017) (addressing the § 924(e) residual clause).

An element of the bank robbery statute is taking bank property, or attempting to do so, "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). This is an element meeting the 924(c)(3)(A) requirement for "use, attempted use, or threatened use of physical force against the person or property of another." The statute has other terms, but none were charged in this case or included in the jury instructions.

Under the law of the circuit, bank robbery under § 2113(a) is—and was at the time of Mr. Cooper's trial—a crime of violence under the element clause, not just under the residual clause. *See, e.g., In re Pollard*, __ F.3d __, No. 19-12538-J, 2019 WL 3451173 (11th Cir. July 31, 2019) (holding armed credit-union robbery under § 2113(a) and (d) a crime of violence under the 924(c) element clause and


thus denying leave to file a second or successive 2255 motion based on *Davis*); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (holding armed bank robbery under § 2113(a) and (d) "clearly meets the requirement for an underlying offense" under the element clause); *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (holding bank robbery under § 2113(a) comes within the 924(c) element clause); *United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994) (holding, in the context of the federal carjacking statute, 18 U.S.C. § 2119, that "[t]aking or attempting to take by force and violence or by intimidation . . . encompasses the use, attempted use, or threatened use of physical force."). Under *Beeman*, and as *Pollard* confirms, Mr. Cooper is not entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 90, is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on August 20, 2019.

s/Robert L. Hinkle
United States District Judge